# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

**MICHAEL HEAGY,**   16cv1926 (WWE)

    **Plaintiff,**

        **v.**

**LINDENMEYR MUNROE, et al.,**
    **Defendants**

## RULING ON DEFENDANTS' MOTION TO DISMISS

In this action, plaintiff Michael Heagy alleges that his former employer, defendant Lindenmeyr Munroe, a division of Central National Gottesman, Inc., terminated him wrongfully in violation of the Connecticut Urinalysis statutes, Connecticut General Statutes § 31-51t, § 14-261b, and § 31-255a(c)(1)(ii). Plaintiff has agreed to withdrawal of the claims against the other named defendants.

Defendant Lindenmeyr Munroe has filed a motion to dismiss the complaint.

## FACTUAL BACKGROUND

For purposes of this ruling, the Court assumes that the facts alleged in the complaint are true.

Plaintiff Michael Heagy was formerly employed as a forklift driver for Lindenmeyr Munroe. Plaintiff was terminated on November 22, 2013, after he tested positive for illegal drugs on a random urinalysis test. The drug test was not confirmed by a second urinalysis test.

**DISCUSSION**

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Plaintiff brings this action under Section 31-51z(a), which provides that "[a]ny aggrieved person may enforce the provisions of Sections 31-51t to 31-51aa, inclusive, by means of a civil action." Plaintiff alleges that he was unlawfully terminated without confirmation of the positive drug test results by a second urinalysis as required by Section 31-51u(a),[1] and because defendant reported, transmitted or disclosed his

---

[1] Section 31-51u(a) provides: "No employer may determine an employee's eligibility for promotion, additional compensation, transfer, termination, disciplinary or other adverse personnel action solely on the basis of a positive urinalysis drug test result unless (1) the employer has given the employee a urinalysis drug test, utilizing a reliable methodology, which produced a positive result and (2) such positive test result was confirmed by a second urinalysis drug test, which was separate and independent from the initial test, utilizing a gas chromatography and mass spectrometry methodology or a methodology which has been determined by the Commissioner of Public Health to be as reliable or more reliable than the gas chromatography and mass spectrometry

urinalysis test results without secondary confirmation as required by Section 31-51u(b).[2]

Defendant argues that plaintiff, as a forklift driver, was legally subjected to a random drug test pursuant to Connecticut General Statutes § 14-261b, which is entitled: "Drug and alcohol testing of drivers of certain vehicles, mechanics and forklift operators." Section 14-261b(b) provides, in relevant part:

> Notwithstanding the provisions of sections 31-51t to 31-51aa, inclusive, (1) any person employing a driver of a commercial motor vehicle, as defined in section 14-1, operating in intrastate commerce in the state shall require such driver to submit to testing as provided by federal law pursuant to 49 USC 31306 and 49 CFR Parts 382 and 391, and (2) any person employing a driver of a motor vehicle with a gross vehicle weight rating of ten thousand and one pounds or more but not more than twenty-six thousand pounds, a mechanic who repairs or services such a vehicle or a commercial motor vehicle, as defined in section 14-1, or a forklift operator may require such driver, mechanic or operator to submit to testing as provided by federal law pursuant to 49 USC 3102 and 49 CFR Parts 382 and 391.

In N.L.R.B. v. SW Gen., Inc., 137 S. Ct. 929, 939, 197 L. Ed. 2d 263 (2017), the Supreme Court explained:

> The ordinary **meaning** of "**notwithstanding**" is "in spite of," or "without prevention or obstruction from or by." Webster's Third New International Dictionary 1545 (1986); Black's Law Dictionary 1091 (7th ed. 1999) ("Despite; in spite of"). In statutes, the word "shows which provision prevails in the event of a clash." A. Scalia & B. Garner, Reading Law: The **Interpretation** of Legal Texts 126–127 (2012).

---

methodology."

[2] Section 31-51u(b) provides: No person performing a urinalysis drug test pursuant to subsection (a) of this section shall report, transmit or disclose any positive test result of any test performed in accordance with subdivision (1) of subsection (a) of this section unless such test result has been confirmed in accordance with subdivision (2) of said subsection (a).

Thus, by its plain language or its use of the word "notwithstanding", Section 14-261b provides that the requirements of sections 31-51t to 31-51aa do not apply to forklift drivers such as plaintiff. Section 14-261b requires that employers conduct random alcohol and illegal drug testing; see 49 C.F.R. § 382.305; and that that employers may not "permit any driver to perform safety-sensitive functions" if the employers finds that a driver has engaged in substance abuse. See 49 C.F.R. § 382.501. Thus, the Court will dismiss plaintiff's claim brought pursuant to Section 31-51z because Sections 31-51t to 31-51aa are inapplicable to the circumstances of plaintiff's drug testing.

Plaintiff alleges violation of Connecticut General Statutes § 14-261b based on defendant's failure to comply with the federal regulations relevant to defendant's notice to plaintiff regarding its testing policy; however, dismissal of such claim is appropriate because Section 14-261b does not provide for a private cause of action for a civil damages suit. Plaintiff also alleges that defendant's failure to discharge plaintiff in accordance with law constitutes a violation of Connecticut General Statutes § 31-225a(c)(1). However, Section 31-225a does not provide for a private right of action for a civil damages suit. Plaintiff has not argued that either of these statutes authorizes or implies a private right of action for a civil damages suit. See Windels v. Envtl. Prot. Com'n of Town of Darien, 284 Conn. 268, 298-300 (2007) (discussing statutory private right of action).

## **CONCLUSION**

For the reasons set forth above, defendants' motion to dismiss [#19] is GRANTED. The clerk is instructed to close this case.

DATED this 11th day of July, 2017, at Bridgeport, Connecticut.

/s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE